IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CYRIAC ABRAHAM,

Plaintiff,

v.

WASHINGTON GROUP INTERNATIONAL, INC. and URS CORPORATION,

Defendants.

ORDER

12-cv-198-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendants Washington Group International Inc. and URS Corporation removed this case from the Circuit Court for Marathon County under 28 U.S.C. §§ 1441 and 1446. As a basis for federal jurisdiction, defendants rely on 28 U.S.C. § 1332, which requires a showing that plaintiff is not a citizen of the same state as defendants and that the amount in controversy is greater than $75,000. Unfortunately, neither defendants' notice of removal nor plaintiff's complaint contains an adequate allegations to establish diversity of citizenship or the amount in controversy required under § 1332. Defendants filed a motion for summary judgment, but did not include adequate facts regarding jurisdiction with its summary judgment materials. I cannot resolve the summary judgment motion until I am satisfied that jurisdiction is present.

In their notice of removal, defendants provide adequate allegations regarding their

own citizenship. Dkt. #1, at ¶¶ 6,7. However, with respect to plaintiff, they allege only that "[a]t the time of filing of the Complaint, and now, Plaintiff Cyriac Abraham was and is a resident of the State of Texas." Dkt. #1, at ¶ 5. This is insufficient. It is the citizenship, not the residency of an individual person, that matters for diversity jurisdiction purposes. Heinen v. Northrop Grumman Corp., 671 F.3d 669 (7th Cir. 2012) (notice of removal asserting that plaintiff was "'resident' of Massachusetts and therefore a 'citizen' of that state" was insufficient for diversity jurisdiction purposes). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). Defendants must provide evidence of plaintiff's domicile.

With respect to the amount in controversy, defendants allege in their motion for removal that plaintiff is seeking

> approximately $81,720 in damages, an amount comprised of $38,500 in lost earnings Plaintiff alleges he sustained during his employment with Washington Group in lieu of a higher paying position with another employer (Complaint ¶10), and approximately $43,220 in bonuses Plaintiff alleges he is owed based on his gross wages with Washington Group (15% of his base salary for a "Project Incentive Program" and another 10% of his bases [sic] salary as a "Project Completion Bonus"). (Complaint ¶¶16-17.)

Dkt. #1, at ¶ 8. It is not clear how defendants came up with the sum of $81,720 when plaintiff did not ask for any specific amount in his complaint. If plaintiff showed that he was entitled to a bonus of 15% of his base salary ($105,000) as a project incentive and 10% for a project completion, that bonus would amount to $26,250. Adding $26,250 to $38,500 of lost earnings equals $64,750, less than $75,000. Nothing in the allegations of plaintiff's

complaint suggests that he believes he was entitled to more bonuses than those two or that his bonuses would be recurring.

As the proponents of federal jurisdiction, it is defendants' burden to show that the parties are citizens of different states and that more than $75,000 is in controversy. Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, I will give defendants an opportunity to file supplemental materials that establish plaintiff's citizenship and the amount in controversy. 28 U.S.C. § 1653 (defective jurisdictional allegations may be cured).

ORDER

IT IS ORDERED that defendants Washington Group International Inc. and URS Corp. may have until March 15, 2013, in which to file supplemental materials showing that subject matter jurisdiction is present under 28 U.S.C. § 1332. Failure to do so will result in remand of this case for lack of subject matter jurisdiction.

Entered this 5th day of March, 2013.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge